UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:08-CV-1406 CAS |
| JOHNSON FLATWORK & FINISHING, INC., | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is plaintiffs' motion for summary judgment. Defendant requested and was granted an extension of time until September 10, 2010, to respond to the motion for summary judgment. As of today, no response has been filed. Therefore, plaintiffs' motion is ripe for review. For the following reasons, plaintiffs' motion for summary judgment will be granted.

### I. Background

This is an action for the collection of delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132. Plaintiffs allege defendant John Flatwork & Finishing, Inc. is bound by collective bargaining agreements with Laborers Locals 42-53-110 and the Site Improvement Associations. According to plaintiffs, the agreements require defendant to submit monthly reports and remit contributions to the four employee benefits funds, which defendant did not do. In addition to the delinquent contributions, plaintiffs seek, pursuant to the agreements and ERISA, 20% liquidated damages, interest, attorneys' fees, and payroll examinations costs.

## II. Standard

The standard applicable to summary judgment motions is well-settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Ia. v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence he or she must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 quoting Anderson, 477 U.S. at 248. A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004). "Self-serving, conclusory statements without support are not sufficient

to defeat summary judgment." Armour and Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993).

In passing on a motion for summary judgment, it is not the court's role to decide the merits. The court should not weigh evidence or attempt to determine the truth of a matter. Rather, the court must simply determine whether a genuine issue of material fact exists. Bassett v. City of Minneapolis, 211 F.3d 1097, 1107 (8th Cir. 2000).

### III. Discussion

Local Rule 4.01(E) provides, with respect to summary judgment motions:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine dispute exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party. E.D. Mo. L.R. 4.01(E).

In support of its motion for summary judgment, plaintiffs submitted a Statement of Uncontroverted Material Facts with citations to the record, and attached to their memorandum in support of summary judgment affidavits and exhibits, including copies of the agreements at issue and payroll examination records. Defendant, however, did not respond to plaintiffs' statement of uncontroverted facts or provide the Court with a statement of material facts as to which it contends a genuine dispute exists. Accordingly, defendant has not met the requirements of Local Rule 4.01(E), and it is deemed to have admitted all facts in plaintiffs' statements of uncontroverted facts. Deichmann v. Boeing Co., 36 F. Supp.2d 1166, 1168 (E.D.Mo. 1999), aff'd, 232 F.3d 907 (8th Cir.

3

2000), cert. denied, 531 U.S. 877. Cf. Northwest Bank & Trust Co. v. First Ill. Nat'l Bank, 354 F.3d 721, 725 (8th Cir. 2003) (holding that the district court did not abuse its discretion by applying local rules that excluded some of the material facts offered in opposition to a motion for summary judgment).

With this in mind, Court makes the following findings:

Plaintiffs, Greater St. Louis Construction Laborers Welfare Fund ("Welfare Fund"), Construction Laborers Pension Trust of Greater St. Louis ("Pension Trust"), St. Louis Vacation Fund-Vacation Plan ("Vacation Fund"), and AGC - Eastern Missouri Laborers Joint Training Fund ("Training Fund") are employee benefits plans within the meaning of §§ 3(1), (2)(A) and (3), 502, and 515 of ERISA, as amended, 29 U.S.C. §§1002(1), (2)(A), and (3), 1132 and 1145. Compl. ¶¶ 1-4. The trustees of the Welfare Fund, Pension Fund, Vacation Fund, and Training Fund are duly designated and acting trustees of the various funds and are fiduciaries within the meaning of §§ 3(21)(A), 502 of ERISA, as amended, 29 U.S.C. §§1002(21)(A) and 1132. Id. Local Unions Nos. 42, 53, and 110, Laborers International Union of North America, AFL-CIO ("Union") are labor organizations representing employees in an industry affecting commerce within the meaning of §§ 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§ 152(4), (5), (6), and (7) and section 301 of the National Labor Relations Act of 1947, as amended, 29 U.S.C. § 185. Compl. ¶ 5. Defendant Johnson Flatwork and Finishing, Inc. conducts business within this district and is an employer in an industry affecting commerce within the meaning of §§ 3(5), (11), (12), and 515 of ERISA, as amended 29 U.S.C. §§ 1002(5), (11), (12) and 1145, and Sections 2(2), (6), and (7) of the LMRA of 1947, as amended, 29 U.S.C. §§ 152(2), (6), and (7). Compl. ¶ 6.

Defendant Johnson Flatwork & Finishing, Inc. has been bound by collective bargaining agreements with Laborers Locals 42-53-110 and the Site Improvement Association from April 4, 2005 to the present. The agreements require defendant to submit monthly reports and remit contributions to the Laborers Funds. The collective bargaining agreements require the payment of 20% liquidated damages on delinquent contributions, as well as interest, attorneys' fees, and payroll examination costs. The right to audit employers is expressly set forth in the collective bargaining agreement.

Plaintiffs' accountants conducted a payroll examination of defendant's records for the period of 2005 through December 31, 2006. The examination reflects that defendant owes $6,426.03 in delinquent contributions, $1,285.28 in liquidated, and $840.08 in interest. A subsequent payroll examination was conducted for the period of January 1, 2007 through June 30, 2009. The examination reflects that defendant owes $9,781.85 in delinquent contributions, $2,016.71 in liquidated damages, and $607.01 in interest. Plaintiffs incurred $2,020.00 in payroll examination fees, $2,501.50 in attorneys' fees, and $539.00 in court costs and fees.

Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce Section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan -
>
>     (A) the unpaid contributions,
>     (B) interest on the unpaid contributions,
>     (C) an amount equal to the greater of -
>         (i) interest on the unpaid contributions, or
>         (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>     (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of Title 26.

This provision and the agreements entitle the fiduciary plaintiffs to unpaid contributions, liquidated damages, interest, costs, and reasonable attorneys' fees. Contractors, Laborers, Teamsters and Engineers Health and Welfare Plan v. Hroch, 757 F.2d 184 (8th Cir. 1985); Landy Packing Co. v. Meatcutters, 471 F. Supp. 1218 (D. Minn. 1979), aff'd., 627 F.2d 881 (8th Cir. 1980). Based on the evidence presented, the Court finds plaintiffs are entitled to $16,207.88 in delinquent contributions, $3,301.99 in liquidated damages, and $1,447.09 in interest, $2,020.00 in payroll examination fees, and $539.00 in court costs. In addition, plaintiffs have requested $2,501.50 in attorneys' fees. Attached to the motion for summary judgment were affidavits and exhibits supporting plaintiffs' attorneys' fees request, including the hours worked and the billing rates. The Court has reviewed this evidence and finds the services performed by plaintiffs' attorneys were reasonable and necessary to the litigation of this case, and the rates charged were reasonable. Therefore, the total amount owed by defendant to plaintiffs is $26,017.46.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for summary judgment is **GRANTED**. [Doc. 34]

**IT IS FURTHER ORDERED** that plaintiffs shall recover from Defendant Johnson Flatwork & Finishing, Inc. Sixteen Thousand Two Hundred Seven Dollars and Eighty-Eight Cents ($16,207.88) in delinquent contributions; Three Thousand Three Hundred One Dollars and Ninety-Nine Cents ($3,301.99) in liquidated damages; One Thousand, Four Hundred and Forty Seven

Dollars and Nine Cents ($1,447.09) in interest; Two Thousand Twenty Dollars ($2,020.00) in payroll examination fees; Five Hundred Thirty-Nine Dollars ($539.00) in court costs; and Two Thousand Five Hundred One Dollars and Fifty Cents ($2,501.50) in attorneys' fees, for a total of Twenty-Six Thousand Seventeen Dollars and Forty-Six Cents ($26,017.46).

An appropriate judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  27th   day of October, 2010.